UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICKEY EUGENE TOLTON, SR., Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, Defendant.

Case No.: 3:25-cv-00563-MMD-CLB

ORDER

## I. SUMMARY

*Pro se* Plaintiff Rickey Eugene Tolton, Sr. sued Defendant[1] for claims arising "from a consumer auto loan relationship and the subsequent reporting and collection activity that followed." (ECF No. 24 at 1; ECF No. 1 at 1, 8, 17 ("Complaint").) Before the Court is Defendant Capital One's motion for judgment on the pleadings.[2] (ECF No. 16 ("Motion").) As explained below, the Court grants the Motion but grants Plaintiff leave to amend one claim.

## II. RELEVANT BACKGROUND

Plaintiff utilizes the Court's complaint form to prepare his Complaint.[3] The Court adapts the relevant background as best it can from the allegations in the Complaint, the exhibits attached to the Complaint, and the briefs relating to the Motion.[4]

---

[1]The Complaint names "Capital One Auto Finance." (ECF No. 1 at 1.) Defendant asserts that Capital One Auto Finance is a Division of Capital One, N.A. ("Capital One"), so the correct legal name of Defendant is Capital One, N.A. (ECF No. 16 at 1.)

[2]Plaintiff responded (ECF No. 24), and Defendant replied (ECF No. 25).

[3]Plaintiff completed two form complaints that Plaintiff submitted as a single Complaint with exhibits. (ECF No. 1.) The second form appears at page 8 of the Complaint. The Complaint contains about 70 pages of exhibits that the Court has reviewed to make sense of the allegations in light of Plaintif's *pro se* status.

[4]Plaintiff's response does not dispute Defendant's summary of the underlying facts giving rise to his claims. (ECF No. 16 at 2-3.)

Plaintiff obtained an auto loan to purchase a vehicle from Reno Tahoe Auto Group in June 2019. (ECF No. 1 at 46-49.) The loan was made under a sales contract ("Contract"). (*Id.*) The Contract was assigned to Capital One. (*Id.* at 49.) Plaintiff made payments on the Loan to Capital One from its reception to June 2024 when Plaintiff stopped making payments. (*Id.* at 50-61.) Capital One sent Plaintiff letters demanding payments. (*Id.* at 24.)

Plaintiff alleges the following communications with Capital One under the "Statement of Facts" section of the Complaint. On October 15, 2024, Plaintiff sent Capital One a letter, but Capital One failed to respond "within 10 days stated in the contract, with proof of claim." (ECF No. 1 at 3.) On November 9, 2024, Plaintiff sent Capital One an "Affidavit of Notice of Fault and Opportunity to Cure and Contest Acceptance," but Capital One "failed to answer or reply." (*Id.* at 3-4.) On July 3, 2025, Plaintiff sent Capital One "a[n] Affidavit of Notice of Default," but Capital One failed to respond. (*Id.* at 4.) Plaintiff alleges that "Defendant's actions demonstrated an express general acquiescence, pursuant to default." (*Id.*)

Based on these allegations, Plaintiff identifies a list of statutes that Defendant allegedly violated under the section titled "First Claim": 15 USC 1601, 15 USC 1666, 15 USC 1692(A), 15 USC 16_9(A)[5]. (*Id.* at 5.) Plaintiff refers to his "Statement of Facts" and "exhibits." (*Id.*) In one such exhibit, the October 15, 2024 letter, Plaintiff asserts that Capital One violated the "Truth in Lending Act on June 03, 2024" and the "FCRA." (ECF No. 1 at 23.) In the same letter, Plaintiff also alleges Plaintiff's credit was affected by Capital One "submitting false and inaccurate information." (*Id.* at 27.)

## III. DISCUSSION

Defendant moves for a judgment on the pleadings under Federal Rules of Civil Procedure 12(c)[6] on the basis that the Complaint does not satisfy pleadings standards

---

[5]One of the digits in the last referenced statute is not legible, so the Court has left a blank space. (ECF No. 1 at 5.)

[6]"Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Gregg v.*

and, even construing the claims based on certain references in the Complaint, these claims fail as a matter of law. (ECF No. 16 at 5-10.) In particular, Defendant construes the Complaint as appearing to allege claims under the Fair Debt Collection Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), and Fair Credit Reporting Act ("FCRA"). (*Id.*) In response, Plaintiff does not dispute that he is trying to assert these claims but argues that he has stated a claim. (ECF No. 24 at 4-6.)

First and foremost, the Court agrees with Defendant that the Complaint does not clearly state the claims addressed here. As discussed above, the Court has to piece together information in the exhibits and in the parties' briefs to try to understand the claims that Plaintiff appears to allege. Plaintiff is proceeding *pro se*. Accordingly, the Court must take particular care in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, a liberal construction may not be used to supply an essential element of the claim not initially pled. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Here, the Court agrees with Defendant that Plaintiff fails to state a claim.

Defendant argues that it is not a "debt collector" under the FDPCA, citing to evidence attached to the Complaint that Capital One was a creditor under the Contract. (ECF No. 16 at 7.) Plaintiff responds that whether Defendant "is a creditor rather than a debt collector" cannot be resolved at the pleading stage. (ECF No. 24 at 4.)

The FDCPA defines a "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). But Plaintiff does not allege any facts for the Court to plausibly infer that Capital One engages in "the principal purpose of which is the collection of any debts" under the

---

*Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal citation and quotations omitted). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* (internal citation and quotations omitted).

first definition of a “debt collector.” *See Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 (9th Cir. 2013) (affirming dismissal, finding the complaint fails to offer any factual basis from which the court could plausibly infer that the principal purpose of defendant Wells Fargo's business is debt collection). Nor can the Court plausibly infer that Capital One falls under the second definition of a “debt collector.” Accepting Plaintiff’s allegations as true, he alleges that Capital One was the creditor under the Contract and has serviced the loan under the Contract until the payment dispute in June 2024. (ECF No. 1 at 24, 46-61.) Thus, Capital One cannot be deemed to collect or attempt to collect debt owing to a third party under the second definition. Accordingly, the Court agrees with Defendant that the Complaint fails to state a claim against Capital One under the FDCPA.[7]

Defendant next argues that the one-year statute of limitations applies to bar any claim under TILA. (ECF No. 16 at 8.) Defendant cites to Plaintiff’s reference to a rejection of furniture purchase after the store did a credit check to argue that, even if Plaintiff is trying to allege a violation of TILA, his claim is barred.[8] (*Id.*) Plaintiff argues that equitable tolling may apply, and his allegations “are not limited to the original loan transaction but extend to subsequent conduct, including credit reporting and account handling.” (ECF No. 24 at 5.) However, in the October 15, 2024 letter, Plaintiff asserts that Capital One violated the “Truth in Lending Act on June 03, 2024.” (ECF No. 1 at 23.) Plaintiff filed the Complaint on October 9, 2025. (ECF No. 1.) Thus, Plaintiff’s TILA claim is time barred.

Finally, Defendant argues that Plaintiff fails to sufficiently allege that Capital One provided any inaccurate information or that he submitted a credit dispute to any credit reporting agency to support a claim for violation of the FCRA. (ECF No. 16 at 10.) Congress enacted the FCRA in 1970 to promote “fair and accurate credit reporting” and to protect consumer privacy. *See* 15 U.S.C. § 1681(a). For those who are furnishers of credit information like Capital One, as alleged here, Section 1681s-2(a)(1)(A) imposes

---

[7]The Court declines to address Defendant’s arguments as to other pleading deficiencies under the FDCPA.

[8]Plaintiff appears to allege that RC Willey did a credit check for his purchase of over $14,000.00 that was denied. (ECF No. 1 at 28.)

duties to provide accurate information, while Section 1681s-2(b) imposes secondary duties to investigate disputed information after notice from the credit reporting agency that the consumer disputes the information. However, a private right of action against furnishers of information may be brought for claims under subsection (b) while federal and state agencies may enforce violations of subsection (a). *See Gorman v. Woloff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). As Defendant argues here, Plaintiff fails to allege that he submitted a dispute as to any information to a credit reporting agency for Capital One to investigate to support a claim under subsection (b).

Plaintiff cites to *Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329 (9th Cir. 1995) to argue that he may proceed with his FCRA claim because he has alleged "inaccurate reporting and resulting harm." (ECF No. 24 at 6.) But *Guimond* involved claims against a credit reporting agency, not an entity that provided or furnished information to a credit reporting agency. Accordingly, the Court agrees with Defendant that Plaintiff fails to state a claim.

If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless those deficiencies cannot be cured. *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Here, Plaintiff asks for leave to amend in the event the Court grants judgment on the pleadings, but he does not explain how he may cure the deficiencies of his claim. (ECF No. 24 at 6-7.) The Court agrees with Defendant that amendment of the FDCPA and TILA claims would be futile given Plaintiff's specific allegations about his relationship with Capital One and the alleged violation of TILA in June 2024. However, it is not clear to the Court that Plaintiff cannot cure the deficiencies of his FCRA claim if he can make allegations for alleged violations of 15 U.S.C. 1681s-2(b).[9] Thus, the Court grants Plaintiff leave to amend to the extent Plaintiff can cure the deficiencies of his FCRA claim.

---

[9] 15 U.S.C. 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute
(1) In general

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion, as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant’s motion for judgment on the pleadings (ECF No. 16) is granted. The Court grants judgement and dismisses Plaintiff’s FDCPA and TILA claims with prejudice and dismisses Plaintiff’s FCRA claim without prejudice and with leave to amend.

It is further ordered that Plaintiff is granted leave to amend only his FCRA claim to the extent Plaintiff can cure the deficiencies of his claim within 30 days. Failure to file an amended complaint will result in dismissal of the FCRA claim with prejudice.

DATED THIS 19th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.